825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virsie S. GILYARD, Defendant-Appellant.
 No. 86-3645
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1987.
Decided July 16, 1987.
 
 Daniel A. Speights, for appellant.
 Jack L. Marshall, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before HALL and WILKINSON, Circuit Judges, and VAN GRAAFEILAND, Senior Circuit Judge for the Second Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 Virsie S. Gilyard appeals from an order of the United States District Court for the District of South Carolina (Simons, J.) granting a judgment of foreclosure in favor of the Farmers Home Administration (Fm.H.A.). We affirm.
 
 
 2
 In 1972, Mrs. Gilyard and her now deceased husband borrowed $13,990 from the Fm.H.A. to build a house in Hampton County, South Carolina. In 1974, Mrs. Gilyard borrowed an additional $2,600 for repairs to the dwelling. Each loan was secured by a mortgage on the premises. Because the interest payments on the loans were subsidized in part by the government in amounts which varied from year to year, Mrs. Gilyard's required monthly payments on the two mortgages varied between $50 in 1974 and $66 in 1978. However, when the instant foreclosure action was brought on June 14, 1986, Mrs. Gilyard was in arrears in over seventy monthly installments.
 
 
 3
 Mrs. Gilyard's delinquencies led to two threatened foreclosures prior to 1986. The first, which occurred in 1978, resulted in a six-month moratorium in payments rather than suit. When delinquencies continued thereafter, a foreclosure action was brought in June, 1982. In October, 1982, this action was discontinued on the apparent understanding that Mrs. Gilyard's obligation would be 'reamortized and placed in a current status.' The delinquencies nonetheless continued; Mrs. Gilyard had made her last payment on August 8, 1980. As a result, the payments that would be necessary to place her account in a 'current status' continued to increase in size. In December, 1983, the Fm.H.A. informed Mrs. Gilyard that the lowest monthly payment it then could accept was $74. Mrs. Gilyard refused to pay any more than $50 a month, and, since this was not acceptable to the Fm.H.A., she paid nothing. In addition, she stopped paying her property taxes.
 
 
 4
 Mrs. Gilyard's counsel now asks that the past six years of delinquencies be treated simply as an hiatus in the performance of her financial obligation; that Mrs. Gilyard not be required to bring her account up to date but, instead, should be permitted to resume monthly payments of only $50. This proposal miscontrues the word 'reamortize', which means to amortize 'again'. See The Random House College Dictionary at 1098 (1973). An agreement to reamortize and place in a current status is not satisfied by the resumption of payments under an outdated amortization schedule which is several years in arrears. Moreover, Mrs. Gilyard has not paid, nor is she prepared to pay, the $50 per month which she admittedly has owed since 1980. The district court correctly held that there were no errors in either the 1978 threat of foreclosure or the 1982 aborted foreclosure which justified this long record of delinquencies. When the district judge was unsuccessful in efforts to work out an arrangement for larger installment payments which would, to some extent, cure the delinquencies, he had no alternative but to order foreclosure, in which, he noted, no deficiency judgment was sought.
 
 
 5
 AFFIRMED.